**Elias Soto ONATE,\* Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–75773, 06–70726.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.\*\*

Filed April 23, 2007.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Melissa Neiman–Kelting, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM \*\*\*

Elias Soto Onate, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and its order denying his motion to reconsider the denial of reopening. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and a motion to reconsider, and review de novo questions of law and alleged due process violations. *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

The evidence Soto Onate presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Soto Onate contends that the BIA violated his due process rights, but he fails to state how this occurred or to show the

---

\* We instruct the clerk to amend the caption to reflect that Elias Soto Onate is the sole petitioner.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

requisite prejudice. *See Lara–Torres*, 383 F.3d. at 973. He also contends that the BIA did not follow its precedent in that it did not consider the cumulative effect of removal on his children. This contention fails because the BIA explicitly stated that Soto Onate "failed to demonstrate that the two qualifying United States citizen children would suffer hardships that cumulatively reach the 'exceptional and extremely unusual' standard." *See Fernandez*, 439 F.3d at 603.

In his opening brief, Soto Onate failed to address, and therefore waived any challenge to, the BIA's denial of his motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.